IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AARON P., and PUAKIELENANI P. in their capacity as Parents and legal guardians of The Student K., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendants. | CIVIL NO. 10-00574 LEK-KSC |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION PURSUANT TO LR 60.1 OF ORDER FILED OCTOBER 31, 2011**

On October 31, 2011, this Court issued its Order Affirming in Part and Remanding in Part the Hearings Officer's September 3, 2010 Decision ("10/31/11 Order").[1] On November 14, 2011, Plaintiffs Aaron P. and Puakielenani P.,[2] in their capacity as parents and legal guardians of Student K. (collectively "Plaintiffs") filed the instant motion for reconsideration of the 10/31/11 Order ("Motion"). Defendant the Department of Education, State of Hawai`i ("the DOE" or "Defendant") filed its memorandum in opposition on December 1, 2011, and Plaintiffs filed their reply on December 19, 2011. The Court finds this

---

[1] The 10/31/11 Order is available at 2011 WL 5320994.

[2] The Court will refer to Aaron P. and Puakielenani P. collectively as "Parents".

matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court therefore will only address the background that is relevant to the instant Motion.

In the administrative proceedings, Plaintiffs challenged, *inter alia*, eleven of Student K.'s Individualized Educational Programs ("IEPs"), and their accompanying Prior Written Notices ("PWNs"), during the 2007-2008 and 2008-2009 school years. The Hearings Officer, however, framed the issue before her as: "Whether the April 8, 2008 [IEP], the September 8, 2008 IEP, the May 18, 2009 IEP, and the June 23, 2009 IEP offered Student a Free Appropriate Public Education[.]"[3] [Decision at 5.]

In the 10/31/11 Order, this Court stated:

> while it is clear that the Hearings Officer

---

[3] The Court will refer to the April 8, 2008 IEP, the September 8, 2008 IEP, the May 18, 2009 IEP, and the June 23, 2009 IEP collectively as "the Contested IEPs".

**considered** all of the IEPs at issue, see, e.g. Decision at 22 ("The speech language therapy services, occupational therapy services and physical therapy consultation services offered to Student during the 2007-2008 and 2008-2009 school years, addressed her unique needs and provided her with adequate support services to take advantage of educational opportunities."), it is equally clear that the Hearings Officer ultimately only **ruled** on the adequacy of four IEPs, id. at 27 ("[T]he Hearings Officer finds and concludes that [Plaintiffs] failed to prove that the April 8, 2008 IEP, the September 8, 2008 IEP, the May 18, 2009 IEP, and the June 23, 2009 IEP did not offer Student a FAPE."). The Court therefore finds that Hearings Officer failed to rule upon the sufficiency of each of the IEPs that Plaintiffs challenged in the [Request for Impartial Hearing ("RIH")] and in the administrative proceedings. . . .
. . . .
    Although all of the IEPs are part of the administrative record and Plaintiffs have an understandable desire to resolve this matter now rather than spend additional time and resources pursuing a remand, in this Court's view, the resolution of this issue would benefit from the Hearings Officer's specialized expertise. Cf. C.B. v. Pittsford Cent. Sch. Dist., No. 08-CV-6462 CJS (P), 2010 WL 1533392, at *19 (W.D.N.Y. Apr. 15, 2010) ("Remand to the [impartial hearings officer ("IHO")] for a hearing is appropriate, since neither the IHO or [state review officer] addressed the merits of Plaintiff's 'additional services' claim, and since resolution of the claim would benefit from the administrative process." (citing Polera v. Board of Educ. of Newburgh Enlarged City School Dist., 288 F.3d 478, 487 (2d Cir. 2002) ("The IDEA's exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances. The exhaustion requirement prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes. . . . [T]he

3

>     administrative system is uniquely well suited to
>     review the content and implementation of
>     IEPs."))). This Court cannot determine whether
>     the Hearings Officer's failure to rule on the
>     adequacy of the other IEPs was inadvertent or
>     whether it was deliberate. If the Hearings
>     Officer deliberately withheld a ruling, this Court
>     cannot determine her reasons for doing so.
>     Morever, the Hearings Officer's specialized
>     expertise would be particularly useful because
>     Plaintiffs challenge the substantive adequacy of
>     Student K.'s IEPs, some of which are very close in
>     time and contain subtle changes. Cf. New York
>     City Dep't of Educ. v. V.S., No. 10-CV-05120
>     (JG)(JO), 2011 WL 3273922, at *10 (E.D.N.Y.
>     July 29, 2011) ("[I]n IDEIA cases, "[b]ecause
>     administrative agencies have special expertise in
>     making judgments concerning student progress,
>     deference is particularly important when assessing
>     an IEP's substantive adequacy." (citing Cerra v.
>     Pawling Cent. Sch. Dist., 427 F.3d 186, 195 (2d
>     Cir. 2005) (some alterations in V.S.))).
>          This Court therefore declines to address the
>     substantive adequacy of the other IEPs and PWNs
>     that Plaintiffs challenged in the RIH, but which
>     the Hearings Officer did not rule upon. The Court
>     REMANDS this case to the Hearings Officer to rule
>     on Plaintiffs' claims based on the remaining IEPs
>     and PWNs.

Aaron P., 2011 WL 5320994, at *20-22 (emphases in original).

This Court also ruled, *inter alia*, that: the DOE committed a procedural violation of the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1401 et seq., by failing to evaluate Student K. in all areas of suspected disability prior to the time period in the 10/31/11 Order; the procedural violation did not result in a denial of a free appropriate public education ("FAPE") because the DOE did address Student K.'s autism related needs; Plaintiffs

4

failed to carry their burden of proving that the DOE denied Student K. a FAPE, either in the formulation or the implementation of the Contested IEPs.

In the instant Motion, Plaintiffs contend that: this Court's ruling affirming the Hearings Officer's Decision in part and remanding it in part is irreconcilable and therefore constitutes manifest error; and this Court's "misperception of the role of evaluations in IEP formation" constitutes manifest error [Mem. in Supp. of Motion at 17].

## DISCUSSION

"[A] successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark

5

County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

I. **Partial Remand**

Plaintiffs contend that this Court's affirmance of the Hearings Officer's ruling that Plaintiffs failed to carry their burden of proof as to their FAPE claims regarding the Contested IEPs precludes the Hearings Officer on remand from "fully, fairly and impartially" considering the remaining IEPs on remand. [Mem. in Supp. of Motion at 16.] Plaintiffs argue that the 10/31/11 Order makes many findings of fact and conclusions of law regarding the Contested IEPs which "overlap" with the issues associated with the remaining IEPs and these overlapping findings and conclusions will make it impossible for Plaintiffs to establish on remand that the remaining IEPs denied Student K. a FAPE.

This Court made no findings of fact or conclusions of law regarding the remaining IEPs in the 10/31/11 Order. In fact, this Court recognized that there were subtle differences between all of the IEPs and that some of the IEPs were very close in time, and therefore the Hearings Officer's specialized expertise

would be particularly useful in evaluating the subtle differences in the IEPs that she did not address in the Decision. Aaron P., 2011 WL 5320994, at *21. There is nothing in the 10/31/11 Order that renders the remand a mere formality or deprives Plaintiffs of the opportunity to show on remand that one or more of the remaining IEPs denied Student K. a FAPE. Plaintiffs have therefore failed to prove that this Court's partial remand was manifest error.

**II. Role of Evaluations and Other Arguments**

In the 10/31/11 Order, this Court stated:

> Having considered the parties' arguments and the evidence in the [Administrative Record on Appeal ("ROA")], this Court finds that the DOE did not evaluate Student K. in all areas of suspected disability prior to the time period in question. This failure was a procedural violation of the IDEA. The FAPE inquiry does not end there because this district court has recognized that "[a] school district's failure to assess in all areas of suspected disability may constitute a procedural denial of a FAPE." J.S. v. Dep't of Educ., Hawai`i, Civ. No. 10-00022 DAE-LEK, 2010 WL 3384911, at *6 (D. Hawai`i Aug. 19, 2010) (citing Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1031-33 (9th Cir. 2006)). This district court, however, has also recognized that:
>> While the IDEA guarantees certain procedural safeguards for children and parents, the Ninth Circuit has recognized that not every procedural violation results in denial of a FAPE. See L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 909 (9th Cir. 2009) ("Procedural flaws in the IEP process do not always amount to the denial of a FAPE."). Procedural flaws in the IEP process only deny a child a FAPE when the flaws affect the "substantive rights" of the parent or child. Id. Such substantive rights include the loss

7

>           of a child's educational opportunity or an
>           infringement on the parents' opportunity to
>           participate in the IEP process.  Id.
> B.T. ex rel. M.T. v. Dep't of Educ., Hawaii, Civil
> No. 10-00456 SOM/RLP, 2011 WL 1833206, at *3 (D.
> Hawai`i May 11, 2011).

Aaron P., 2011 WL 5320994, at *27.  This Court also found that there was no indication that Parents had been deprived of the opportunity to participate in the IEP development process.  Id. at *27 n.10.  Ultimately, this Court concluded that Plaintiffs had not met their burden of proving that the Contested IEPs denied Student K. a FAPE.  Id. at *36.

In the instant Motion, Plaintiffs argue that the Court committed manifest error because of its "misperception of the role of evaluations in IEP formation".  [Mem. in Supp. of Motion at 17.]  Plaintiffs assert that "a child must be evaluated in all areas of suspected disability in order for the IEP team to have the opportunity to develop an IEP reasonably calculated to confer meaningful educational benefit and/or to allow parents the opportunity to participate in the IEP development process."  [Id. at 18.]  Plaintiffs essentially contend that this Court should have ruled that the DOE's failure to evaluate Student K. in all areas of suspected disability was a denial of FAPE because the lack of a complete evaluation rendered it impossible for Student K.'s IEP team to develop adequate IEPs and impossible for Parents to have meaningful participation in the development of Student K.'s IEPs.  As support for their position, Plaintiffs cite

8

several pages of their Opening Brief and their Reply Brief. [Id.]

The instant Motion merely reiterates arguments about the lack of a comprehensive evaluation which this Court already considered in connection with the parties' original briefs and oral argument. "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).

Similarly, the instant Motion contends that the failure to implement the pointing objective in Student K.'s Contested IEPs constituted "a material failure clearly linked to Student K.'s communication needs" and was therefore a denial of FAPE. [Mem. in Supp. of Motion at 28.] In the 10/31/11 Order, this Court: "reject[ed] Plaintiffs' arguments that the DOE's failure to teach Student K. pointing constituted a failure to implement the IEPs currently before this Court[; and] . . . reject[ed] Plaintiffs' argument that the alleged failure to teach pointing constituted a denial of a FAPE." Aaron P., 2011 WL 5320994, at *36. The instant Motion merely expresses disagreement with the 10/31/11 Order's ruling on the pointing issue.

Plaintiffs have therefore failed to raise any grounds warranting reconsideration of this Court's rulings regarding the failure to evaluate in all areas of suspected disability and the

9

alleged failure to implement pointing.[4]

**III. Appeal from the 10/31/11 Order**

Finally, Plaintiffs ask this Court to clarify whether the portion of the 10/31/11 Order is severable from the ruling on remand and therefore appealable. This Court has previously addressed the issue of when IDEA remand orders are appealable.

> Under [28 U.S.C. §] 1291, appellate jurisdiction extends only to "final decisions of the district courts." Importantly, remand orders are generally not "final" decisions for purposes of section 1291. Chugach Alaska Corp. v. Lujan, 915 F.2d 454, 457 (9th Cir. 1990). A district court's remand order may be considered final in certain circumstances, however:
>> A remand order will be considered final where (1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable.
> Alsea Valley Alliance v. Dep't of Commerce, 358 F.3d 1181, 1184 (9th Cir. 2004) (internal quotation marks and citation omitted).
> Pit River Tribe v. U.S. Forest Service, 615 F.3d 1069, 1075 (9th Cir. 2010) (some citations omitted). All of the factors must be present. See Alsea Valley 358 F.3d at 1184 ("We need not decide whether the Remand Order meets the first two criteria because we conclude that the third

---

[4] Plaintiffs apparently contemplate other motions challenging the 10/31/11 Order. See, e.g., Mem. in Supp. of Motion at 26 ("The foregoing by no mean exhausts all possible examples of the overlapping FOFs and COLs between this Court's affirmation and remand. Others include 'pointing.'"). This Court expresses no opinion as to the timeliness or merit of future motions that Plaintiffs may file.

> prerequisite is lacking.").
> 	The Court questions whether this finality test should be applied to remands under the IDEA. It appears that the test is designed for administrative review of an agency decision involving its rule-making capacity. See, e.g., id. ("[O]nly agencies compelled to refashion their own rules face the unique prospect of being deprived of review altogether. An agency, after all, cannot appeal the result of its own decision." (citation omitted) (emphasis in original)). This Court cannot conceive of any circumstance under which a remand order in a appeal of a hearings officer's decision on a student's due process request would satisfy this test. The Court notes that other circuits do not apply a similar test to IDEA cases. See, e.g., Somoza v. New York City Dep't of Educ., 538 F.3d 106, 113 n.5 (2d Cir. 2008) (examining whether there was "evidence of the Court's intent to retain jurisdiction or any contemplation of further proceedings" (citation and internal quotation marks omitted)). In spite of this Court's concerns, the Court must apply the Chugach test because there is Ninth Circuit precedent applying the test in an IDEA case. See Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 152 F.3d 1159, 1161 (9th Cir. 1998) (citing Chugach in holding that the district court's remand order was not final for purposes of appeal).

Aliah K. ex rel. Loretta M. v. Hawaii, Dep't of Educ., 788 F. Supp. 2d 1176, 1190-91 (D. Hawai`i 2011) (alterations in Aliah K.).

The 10/31/11 Order does resolve separable legal issues. As noted above, the issue whether the Contested IEPs denied Student K. a FAPE is separate from the issue whether the remaining IEPs denied Student K. a FAPE. The 10/31/11 Order, however, does not meet the other two Chugach factors. It does

11

not force the Hearings Officer to apply a potentially erroneous rule that may result in a wasted proceeding.  Although the Contested IEPs and the remaining IEPs to be considered on remand address some overlapping time periods and services, the Hearings Officer will undoubtedly conduct a careful and independent examination of the remaining IEPs to determine whether the subtle differences from one IEP to another resulted in a denial of FAPE.  This Court's affirmance of the ruling that Plaintiffs failed to prove that the Contested IEPs denied Student K. a FAPE does not necessarily preclude the Hearings Officer from finding that one or more of the remaining IEPs denied Student K. a FAPE.  Finally, an immediate appeal is not required to preserve Plaintiffs' right to appellate review.  The instant case will be stayed until the Hearings Officer issues a decision on the remand.  The Court will thereafter schedule further briefing and/or oral argument regarding any challenges to the decision on remand, and the Court will issue an order addressing those issues.  Judgment will be entered, and the parties may then appeal all aspects of the instant case to the Ninth Circuit.

The 10/31/11 Order therefore is not an appealable order pursuant to <u>Chugach</u>.  For the same reasons, to the extent that Plaintiffs' Motion seeks an order directing the entry of judgment pursuant to the portion of the 10/31/11 Order affirming the Decision as to the Contested IEPs, this Court cannot make the

requisite finding that "there is no just reason for delay."  See Fed. R. Civ. P. 54(b).  Plaintiffs' request for an order directing entry of judgment pursuant to Rule 54(b) is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration Pursuant to LR 60.1 of Order Filed October 31, 2011, which Plaintiffs filed on November 14, 2011, is HEREBY DENIED.  Further, Plaintiffs' request for an order directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) is also DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 29, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AARON P., ET AL. V. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 10-00574 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION PURSUANT TO LR 60.1 OF ORDER FILED OCTOBER 31, 2011**